United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Joanne Tucker and Shaun Tucker, Plaintiffs | ) ) ) | |
| v. | ) ) | Civil Action No. 17-21496-Civ-Scola |
| Federal Lien Corp., and Mirage Yacht, Inc., Defendants. | ) ) ) | |

### Order Denying Motion to Modify Order Granting Default Judgment

This matter is before the Court on the Defendant Mirage Yacht, Inc.'s emergency motion to modify the order granting default judgment. (Mot., ECF No. 19.) In the default judgment order, the Court permitted the Plaintiffs Joanne and Shaun Tucker to retake possession of the vessel at issue—a 1998 Dufour with Hull Identification Number of DUFC0544C898) ("the Vessel")—from Mirage, pursuant to an order entered by Judge Cecilia M. Altonaga in separate proceedings. (Order, ECF No. 18.) The Court has considered the motion, the Plaintiffs' response (ECF No. 21), Mirage's reply (ECF No. 22), the record, and the relevant legal authorities. For the reasons stated below, the Court **denies** the motion (**ECF No. 19**).

On April 25, 2017, Mirage and co-Defendant Federal Lien Corporation, without representation of counsel, appeared before this Court for a hearing on the Tucker's verified complaint for injunctive and declaratory relief. All parties agreed to entry of a temporary restraining order, precluding the nonjudicial sale of the subject Vessel. (Order, ECF No. 9.) The Court ordered the Defendants to respond to the complaint within twenty days and ordered Federal Lien to retain counsel. (*Id.*) Neither Mirage nor Federal Lien complied with the Court's order.

The Clerk then entered default against Mirage and Federal Lien on May 19, 2017. On May 22, 2017, the Court informed Mirage and Federal Lien that if they failed to move to vacate the Clerk's default on or before June 1, 2017, then default judgment could be entered against them. Neither Mirage nor Federal Lien responded. On June 5, 2017, the Defendants received the Tucker's motion for default judgment. Neither Mirage nor Federal Lien responded. On July 31, 2017, the Court entered default judgment against both Defendants.

Then, fifteen days after entry of judgment, and 113 days after the hearing on the temporary restraining order, Mirage reappeared in this case with the present "emergency" motion to modify the default judgment. In other words, after failing to assert any rights or defenses over a period of several months, Mirage suddenly attempts to stop the effects of the Court's order.[1] Mirage complains that

---
[1] The Court notes that Mirage does not request that this Court vacate the default judgment.

this Court's order exceeds the relief requested by the Tuckers. (Mot. at 3–4.) And yet, the relief that *Mirage* seems to seek—payment of storage fees—must be sought by *Mirage*, and not by the Tuckers.

Mirage allegedly holds a maritime lien for payment of $64,060.00 in storage fees. (Comp. ¶¶ 14, 17, ECF No. 1.) Even assuming Mirage's maritime lien is valid, that lien does not give rise to an automatic right of possession of the Vessel. *Crimson Yachts v. Betty Lyn II Motor Yacht*, 603 F.3d 864, 871 (11th Cir. 2010) ("[M]aritime liens do not depend on the injured party's possession of the vessel; a maritime lien travels with the vessel wherever it goes, regardless of into whose hands it may pass, whether or not the lien is recorded."); *Vandewater v. Mills, Claimant of Yankee Blade*, 60 U.S. 82, 89 (1856) ("The maritime 'privilege' or lien is adopted from the civil law, and imports a tacit hypothecation of the subject of it. It is a '*jus in re*,' *without* actual possession or *any right of possession*.") (emphasis added). As far as this Court has been informed, Mirage to date has not sought a warrant of arrest *in rem* against the vessel to enforce its maritime lien. Mirage must avail itself of the proper remedies to obtain the relief it seeks—and this Court will not instruct Mirage on archaic and yet firmly established rules and law of maritime claims.

The Tuckers have obtained two orders from the United States District Court for the Southern District of Florida permitting the Tuckers to retake possession of the Vessel, and **ordering the Defendants to allow reasonable access to their property** for this purpose. (Order, Case No. 15-cr-20008-CMA, ECF No. 91; Order, Case No. 17-cv-21496-RNS, ECF No. 18.) These orders do not foreclose any rights the Defendants may have to seek enforcement of a maritime lien. The Court again orders that pursuant to Judge Altonaga's order, the Tuckers are permitted to retake possession of the Vessel, and **the Defendants shall allow reasonable access to their property** for this purpose.

Accordingly, the Court **denies** Mirage's motion to modify the order granting default judgment (**ECF No. 19**).

**Done and ordered** in chambers at Miami, Florida on August 24, 2017.

_____
Robert N. Scola, Jr.
United States District Judge

cc:
Omar Ortega
Dorta & Ortega, P.A.
oortega@dortaandortega.com
3860 SW 8th Street, Penthouse
Coral Gables, Florida 33134
*Counsel for Mirage Yacht, Inc.*

Bernard Bressler
fedfedlien@aol.com
318 Indian Trace
Weston, Florida 33326
Owner of Federal Lien Corp., Inc.